# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MAYRA GUZMAN-FONALLEDAS, et al.,**

**Plaintiffs,**

**v.**

**HOSPITAL EXPAÑOL AUXILIO MUTUO, et al.,**

**Defendants.**

**CASE NO. 16-1602 (GAG)**

## OPINION AND ORDER

Plaintiffs Mayra Guzmán-Fonalledas and Roberto Resto-Martínez sued Defendants Hospital Español Auxilio Mutuo de Puerto Rico, Inc.; Integrated Pathology, pSC; Nella Fernández; Víctor Carlo-Vargas, Puerto Rico Medical Defense Insurance Company (PRMDIC), and other doctors, insurance companies, and conjugal partnerships for negligence under Puerto Rico law. The case was brought in federal court under diversity jurisdiction. 28 U.S.C. § 1332. In response, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to join a party under Federal Rule of Civil Procedure 19. (Docket No. 96). Plaintiffs then filed a motion for voluntary dismissal as to defendant PRMDIC and asked the Court to deny Defendants' motion to dismiss. (Docket No. 97). For the reasons discussed below, Plaintiffs' motion for voluntary withdrawal is **GRANTED** and Defendants' motion to dismiss is **DENIED**.

**I.    Relevant Factual Background**

Plaintiff Mayra Guzmán-Fonalledas underwent an endoscopy, in which tissue from a gastric polyp was extracted. (Docket No. 28 ¶ 3.3). The tissue was sent to Integrated Psychology Services ("IPS"), where Dr. Nella Fernández diagnosed a type of cancer. Id. ¶ 3.4. Her colleague

Dr. Víctor Carlo-Vargas concurred with the diagnosis. Id. About two months later, Guzmán-Fonalledas underwent surgery, which revealed that she actually did not have gastric cancer but rather a benign or low grade lesion. Id. ¶¶ 3.5-3.9. Nevertheless, her doctors at Hospital Auxilio Mutuo concealed this information from her, referring her to an oncologist, and limiting themselves to telling her that she did not need cancer therapy. Id. ¶¶ 3.10, 3.12; 3.16-3.17. At the behest of a friend, Guzmán-Fonalledas contacted another oncologist, who suspected the original diagnosis was wrong. Id. ¶ 3.11. This oncologist asked Dr. Carlo-Vargas to review the polyp tissue from the endoscopy, which he did, and consequently acknowledged that the original diagnosis was incorrect. Id. ¶ 3.14.

The complications that arose after surgery led Plaintiffs to Florida, where they allegedly are citizens for purpose of diversity jurisdiction. Id. ¶ 2.3. Likewise, Dr. Fernández, one of the doctors who misdiagnosed Guzmán-Fonalledas, allegedly moved to Florida. (Docket No. 98 at 3).

## II. Procedural Background

In response to the misdiagnosis and the ensuing damages, Plaintiffs sued Hospital Español Auxilio Mutuo and various physicians for concealing the misdiagnosis, as well as Dr. Carlo-Vargas, Dr. Fernandez, and their employer, IPS, for the misdiagnosis. Plaintiffs allege that all defendants are jointly and severally liable. (Docket No. 28 ¶ 3.27).

Plaintiffs amended their complaint twice. First, to add Puerto Rico Medical Defense Insurance Company ("PRMDIC") as insurer of IPS, Dr. Carlo-Vargas, and Dr. Fernández; then, to drop Dr. Fernández as a named party because her presence would deprive the Court of diversity jurisdiction. (Docket Nos. 12; 28).

Defendants filed a motion to dismiss the second amended complaint alleging that

**Civil No. 16-1602 (GAG)**

PRMDIC, as an insurer of Dr. Fernández, was a citizen of Florida, thus depriving the Court of diversity jurisdiction. (Docket No. 96).[1] Defendants also argued that Dr. Fernández was an indispensable party under Rule 19, and because joining her would defeat diversity jurisdiction, the Court had to dismiss the case. Id. In response, Plaintiffs requested the Court to dismiss without prejudice PRMDIC and deny Defendants' motion to dismiss. (Docket No. 97). Defendants opposed the motion for voluntary dismissal and insisted that Dr. Fernández was an indispensable party. (Docket 98). As a result, the Court ordered the parties to file memoranda discussing whether Dr. Fernández was an indispensable party. (Docket No. 105). Having reviewed their submissions, the Court will now proceed to discuss the motion for voluntary dismissal and motion to dismiss.

### III. Plaintiff's Motion for Voluntary Dismissal

Defendants contest Plaintiffs' motion for voluntary dismissal of PRMDIC. Rule 41(a)(2) permits a plaintiff to request dismissal of an action "by court order, on terms that the court considers proper." Cason v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 976 (1st Cir. 2014) (citing FED. R. CIV. P. 41(a)(2); Colón–Cabrera v. Esso Standard Oil Co. (P.R.), Inc., 723 F.3d 82, 87 (1st Cir. 2013)). The First Circuit has held that "[t]he rule allows a plaintiff to voluntarily dismiss his own case as long as 'no other party will be prejudiced.'" Id. (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). Moreover, Rule 21 "explicitly vests district courts with authority to allow a dispensable non-diverse party to be dropped at any time." Id. at 977. Therefore, here the Court must decide if (1) PRMDIC's voluntary dismissal would prejudice Defendants, and (2) whether PRMDIC is a dispensable non-diverse party.

Defendants argue neither that they would be prejudiced by PRMDIC's dismissal, nor that

---

[1] Technically, only Dr. Carlo-Vargas filed a motion to dismiss; the other parties joined him. For simplicity, the Court refers to the moving party as "Defendants" throughout. See Docket Nos. 103; 106; 108; 109.

3

PRMDIC is indispensable. Defendants do argue that Plaintiffs dropped PRMDIC to defeat their motion to dismiss, labeling the motion for voluntary dismissal "an acknowledgment that diversity jurisdiction is lacking." (Docket No. 98 at 2). First, it is inaccurate that Plaintiffs acknowledged that PRMDIC's participation defeated diversity jurisdiction. Plaintiff asked to dismiss PRMDIC "in the interest of saving valuable time, energy and resources of the parties and of the Court" because the party was dispensable in the context of joint and several liability. (Docket No. 97 at 1). Second, even assuming that Defendants are correct and PRMDIC is a non-diverse party, Plaintiffs were entitled to drop them from the case to cure the jurisdictional defect under Rule 21. See Cason, 770 F.3d at 977.

Defendants also argue that dismissing PRMDIC "does not cure the fatal jurisdictional defect" because Dr. Fernández is an indispensable party who must be joined under Rule 19. Yet this goes to the merits of their motion to dismiss, and has nothing to do with their opposition to PRMDIC's dismissal. Therefore, Plaintiffs' motion for voluntary dismissal as to PRMDIC is **GRANTED.**

**IV.  Motion to Dismiss**

A. 12(b)(1) Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires a court to dismiss a case for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "The district courts of the United States are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). One of these statutes is 28 U.S.C. § 1332, which "bestow[s] upon the district courts original jurisdiction in civil actions between citizens of different states" if complete diversity exists between the parties. Id. "In cases involving

**Civil No. 16-1602 (GAG)**

multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." Id.

Defendants' motion to dismiss for lack of subject matter jurisdiction is moot. The motion hinged on Defendants' belief that PRMDIC was not a diverse party under 29 U.S.C. § 1332. But PRMDIC is no longer a party to this case because the Court has granted Plaintiffs' motion for voluntary dismissal. Therefore, Defendants' motion to dismiss under Rule 12(b)(1) is **DENIED**.

B. 12(b)(7) Failure to Join a Party under Rule 19

Rule 12(b)(7) of the Federal Rules of Civil Procedure requires a court to dismiss a case for failure to join a party under Rule 19, which governs the required joinder of parties. FED. R. CIV. P. 12(b)(7); 19. Under Rule 19(a), the Court must determine if a party must be joined if feasible. Id. 19(a). If it concludes a party must be joined, Rule 19(b) instructs it to consider if "doing so is actually feasible." Maldonado-Vinas v. Nat'l W. Life Ins. Co., 862 F.3d 118, 120 (1st Cir. 2017). If the Court concludes that a person must be joined but jounder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b) In other words, the Court must determine if the party is "indispensable."

Although Rule 19 lists factors to consider and determine if a party is necessary and indispensable, it is unnecessary to dive deep into the Rule 19 analysis here because Dr. Fernandez's status as a joint tortfeasor neatly disposes of the issue. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Alejandro-Ortiz v. Puerto Rico Elec. Power Auth., 872 F. Supp. 2d 133, 139 (D.P.R. 2012) (citing Temple v. Synthes Corp. Ltd., 498 U.S. 5, 7 (1990)). Likewise, "it is well-established that in Puerto Rico, 'when a negligent act is caused by the actions of more than one person, each person is a joint

5

**Civil No. 16-1602 (GAG)**

tortfeasor and is liable in full to the plaintiff for the harm caused.'" Id. (citing Jimenez–Ruiz v. Spirit Airlines, 794 F. Supp. 2d 344, 352 (D.P.R. 2011)). In sum, "Rule 19 does not require a person who is potentially liable as a joint tortfeasor to be joined to an action as a necessary or indispensable party." Id.

Here, Plaintiffs allege that Dr. Fernández and Dr. Carlo-Vargas misdiagnosed Guzman-Fonalledas's condition. The alleged negligent act was the misdiagnosis, which was caused "by the actions of more than one person," namely, Dr. Fernández and Dr. Carlo-Vargas. Alejandro-Ortiz, 872 F. Supp. 2d at 139. The first wrote the report, the second concurred, and thus, the tortious misdiagnosis ensued. Therefore, they are joint tortfeasors. And because it is not necessary to join all joint tortfeasors as defendants, it is not necessary to join Dr. Fernández in this case. Consequently, Defendants' motion to dismiss at Docket No. 96 is **DENIED.**

### V. Conclusion

Considering Plaintiffs' right to fix a jurisdictional issue under Rule 21 and the Court's authority to allow a voluntary dismissal under Rule 41, the Court **GRANTS** Plaintiffs' motion for voluntary dismissal. The claims against PRMDIC are dismissed without prejudice. Also, given PRMDIC's dismissal and Dr. Fernández's identity as a joint tortfeasor, the Court **DENIES** Defendants' motion to dismiss.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of January, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge